99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francine FERRERO, Plaintiff-Appellant,
v.
MARE-BEAR, INC., dba The Stardust Hotel and Casino,
Defendant-Appellee.
Francine FERRERO, Plaintiff-Appellee,
v.
MARE-BEAR, INC., dba The Stardust Hotel and Casino,
Defendant-Appellant.
 Nos. 95-16480, 95-16671.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Oct. 22, 1996.
 
 Before: GOODWIN, WALLACE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francine Ferrero appeals the judgment, entered after a bench trial, in favor of Mare-Bear, Inc. (the Stardust) in her Title VII action alleging that the Stardust retaliated against her for opposing sexual harassment or gender discrimination. We affirm.
 
 
 3
 This appeal turns on Ferrero's argument that her July 2 letter was protected activity and that the court erred in holding otherwise. We cannot agree. While her letter details a number of incidents of unfair treatment by Van Dura, it does not say anything that communicates any complaint or protest about sexual or gender-based harassment that is protected under Title VII.
 
 
 4
 Ferrero argues that complaining about conduct that would have turned up a Title VII violation upon investigation suffices, but concedes that she has no authority in support. The cases upon which she relies, e.g., Gibbs v. Pierce County Law Enforcement Support, 785 F.2d 1396 (9th Cir.1986), and E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891 (9th Cir.1994), have to do with exhaustion of administrative remedies and in any event involve complaints that indicate they were gender-based. Nor is there any support for Ferrero's contention that simply because she was a female complaining about treatment by a supervisor who was male, her complaint must have been treated as a potential violation of Title VII and must be "protected activity." As her letter complains only of such things as problems with gratuities and paying for dinner checks of showroom guests who left early, and mentions similar problems inflicted on other servers (including males), we cannot fault the district court for its view that the July 2 letter did not communicate that Ferrero's complaints were related to sexual harassment or harassment based on gender.
 
 
 5
 Ferrero further contends that the district court erred in not finding that Van Dura knew that she complained about sexual harassment. The court found that Van Dura knew about her July 2 letter, but determined that in the absence of testimony by the Mare-Bare personnel who got the letter and talked to him about it, there was no evidence to support a finding that Van Dura was aware that Ferrero intended to report "other incidents" of sexual harassment. In this it did not clearly err. Van Dura testified without contradiction that he was not aware that the July 2 complaint was about sexual harassment until after Ferrero's termination. We disagree with Ferrero's contention that the district court had to find that Van Dura and Stardust were lying; credibility issues are for the trial court to determine and it made no finding that the Mare-Bear management lied.
 
 
 6
 We therefore hold that the district court did not clearly err in finding that Ferrero was discharged as a "steady extra" because of excessive absenteeism in violation of the collective bargaining agreement rather than because she complained of sex harassment that would constitute protected activity under Title VII.
 
 
 7
 Given our disposition of Ferrero's appeal, there is no need to reach the issues raised in Mare-Bear's cross-appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3